[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-10675

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

TORRANCE HILL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 4:05-cr-00026-CDL-MSH-1

_____

Before NEWSOM, GRANT, and LAGOA, Circuit Judges.

PER CURIAM:

Torrance Hill appeals the district court's imposition of a 46-month sentence following the mandatory revocation of his supervised release under 18 U.S.C. § 3583(g)(1) after committing the new offense of conspiracy to distribute methamphetamine. On appeal, Hill first argues that his sentence is procedurally unreasonable because the district court improperly considered the 18 U.S.C. § 3553(a)(2)(A) retribution factors in determining the length of the sentence. Second, he argues that his sentence is substantively unreasonable because it was substantially affected by the district court's improper consideration of the retribution sentencing factor. After careful review, we affirm.

## I.

We review the reasonableness of a district court's sentence upon revocation of supervised release for an abuse of discretion. *United States v. Trailer*, 827 F.3d 933, 935 (11th Cir. 2016). In reviewing the procedural reasonableness of a sentence, we ensure, among other things, that the district court did not miscalculate the guideline range, treat the Sentencing Guidelines as mandatory, fail to consider the § 3553(a) factors, rely on clearly erroneous facts, or fail to explain its sentence adequately. *Id.* at 936. A district court's consideration of an improper § 3553(a) factor is procedural error. *United States v. Vandergrift*, 754 F.3d 1303, 1308 (11th Cir. 2014).

The party challenging the sentence bears the burden of demonstrating it is unreasonable. *Trailer*, 827 F.3d at 936.

When a defendant violates a condition of supervised release, the district court typically has discretion to revoke the term of supervision and impose a term of imprisonment, provided the court considers the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2)(B)–(D), and (a)(4)–(7). 18 U.S.C. § 3583(e). Notably, the § 3553(a)(2)(A) factors are absent from the listed factors in § 3583(e). *Id.* We have not resolved the question of whether a district court's consideration of the § 3553(a)(2)(A) factors—seriousness of the offense, respect for the law, and providing for just punishment for the offense—is permissible when imposing an imprisonment sentence upon revoking supervised release under § 3583(e), and we have noted that a circuit split exists on that issue. *United States v. King*, 57 F.4th 1334, 1338 n.1 (11th Cir. 2023). In *Vandergrift*, we held that the district court did not plainly err by considering the § 3553(a)(2)(A) factors upon revoking supervised release under § 3583(e). *Vandergrift*, 754 F.3d at 1309. We held that, because the Supreme Court had not addressed whether the consideration of § 3553(a)(2)(A) in a revocation sentence was error, there was a circuit split on the issue, and we had not yet addressed the issue in a published opinion, any error could not be plain. *Id.* at 1308–09.

Where revocation is mandatory, the district court is not required to consider any of the § 3553(a) factors in imposing a sentence. *United States v. Brown*, 224 F.3d 1237, 1241 (11th Cir. 2000),

*abrogated in part on other grounds by Tapia v. United States*, 564 U.S. 319 (2011). Sentencing courts must consider "the policy statements" of the Sentencing Guidelines, but are not bound by them because they are "merely advisory." *Id.* at 1242 (citation omitted). When a district court considers the § 3553(a) factors in fashioning a sentence, "the weight given to each factor is committed to the sound discretion of the court," and the court may attach great weight to one factor over the others "so long as the sentence is reasonable under the circumstances." *United States v. Butler*, 39 F.4th 1349, 1355 (11th Cir. 2022) (addressing the imposition of an original sentence, rather than a sentence imposed upon revocation of supervised release).

Revocation is mandatory when a defendant is found to have possessed a controlled substance during the term of supervision. 18 U.S.C. § 3583(g)(1). Revocation is considered mandatory based on the facts before the district court, even if the court itself does not mention § 3583(g). *Brown*, 224 F.3d at 1242. The court has discretion to determine the length of imprisonment for a mandatory revocation so long as it does not exceed the maximum allowed under § 3583(e)(3) based on the class of the original offense. 18 U.S.C. § 3583(e)(3), (g). Conspiring to distribute, possessing with intent to distribute, and distributing cocaine are Class A felonies. *See* 18 U.S.C. § 3559(a)(1), 21 U.S.C. §§ 841(a)(1) & (b)(1)(A) and 846. A defendant cannot serve more than five years in prison upon revocation of supervised release when the original offense is a Class A felony. 18 U.S.C. § 3583(e)(3). Controlled-substance offenses are Grade A violations of supervised release. U.S.S.G. § 7B1.1(a)(1).

Where a defendant's original criminal history category is IV, highest supervised release violation Grade is A, and original sentence was the result of a Class A felony, the range of imprisonment applicable upon revocation is 37 to 46 months' imprisonment. *Id.* § 7B1.4(a).

The Sentencing Guidelines provide that a sentence imposed upon revocation should "sanction primarily the defendant's breach of trust" for failing to abide by the conditions of the court-ordered supervision, while also accounting for, "to a limited degree, the seriousness of the underlying violation and the criminal history of the violator." U.S.S.G. Ch. 7, Pt. A, intro. comment. 3(b). To do so, a court considers the nature and seriousness of the conduct in "measuring the extent of the breach of trust," even though punishing new criminal conduct is not the "primary goal" of a revocation sentence. *Id.*

Issues not raised in an initial brief are deemed abandoned and will not be addressed absent extraordinary circumstances. *United States v. Campbell*, 26 F.4th 860, 873 (11th Cir. 2022) (*en banc*). An appellant may not raise an issue for the first time in a reply brief. *United States v. Castillo*, 899 F.3d 1208, 1215 (11th Cir. 2018). Hill, however, in his reply brief asserts for the first time that we should hold that 18 U.S.C. § 3582(a), read in conjunction with § 3553(a)(5)(A), requires consideration of the Sentencing Commission's policy statements, including the alleged rejection of retribution as a basis for revocation in Chapter 7 of the Guidelines.

We conclude that by raising it for the first time in his reply brief Hill has abandoned his argument that § 3582(a), read in conjunction with § 3553(a)(5)(A), requires consideration of the Sentencing Commission's policy statements, including the alleged rejection of retribution as a basis for revocation in Chapter 7 of the Guidelines. We also conclude that the district court did not impose a procedurally unreasonable sentence because mandatory revocations neither require, nor forbid, consideration of the § 3553(a) factors when imposing a sentence. We now turn to Hill's argument that his sentence was substantively unreasonable.

## II.

When reviewing for substantive reasonableness, we consider the totality of the circumstances under a deferential abuse-of-discretion standard. *United States v. Irey*, 612 F.3d 1160, 1189–90 (11th Cir. 2010) (*en banc*). A district court abuses its discretion by imposing a substantively unreasonable sentence when it (1) fails to consider relevant factors that were due significant weight; (2) gives an improper or irrelevant factor significant weight; or (3) commits a clear error of judgment by balancing the proper factors unreasonably. *Butler*, 39 F.4th at 1354–55. In reviewing the reasonableness of a sentence, we will not substitute our own judgment for the district court, and we will "affirm a sentence so long as the court's decision was in the ballpark of permissible outcomes." *Id*. at 1355 (quotation marks omitted). We do not "automatically presume a sentence within the guidelines range is reasonable, [but] we ordinarily expect . . . a sentence within the Guidelines range to be reasonable." *United States v. Hunt*, 526 F.3d 739,

746 (11th Cir. 2008) (ellipses in original and quotation omitted). Further, a sentence below the statutory maximum also indicates reasonableness. *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008).

The Sentencing Guidelines provide that any term of imprisonment imposed upon revocation of probation "shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release." U.S.S.G. § 7B1.3(f).

Here, a review of the record shows that the district court did not impose a substantively unreasonable sentence. First, the district court imposed a sentence within the guideline range based on an appropriate consideration of the § 3553(a) factors. As such, Hill cannot demonstrate his sentence was outside "the ballpark of permissible outcomes." *Butler*, 39 F.4th at 1355. Second, Hill's 46-month sentence was within the guideline range of 37 to 46 months and below the statutory maximum, which are both indicators of substantive reasonableness. *See Hunt*, 526 F.3d at 746; *Gonzalez*, 550 F.3d at 1324. Lastly, the Sentencing Guidelines make clear that sentences imposed upon revocation are "to be served consecutively to any other term of imprisonment imposed for any criminal conduct that is the basis of the revocation." U.S.S.G. § 7B1.3(f). We thus conclude that the district court's sentence was substantively reasonable.

**III.**

For these reasons, we affirm Hill's sentence.

**AFFIRMED.**